IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CR-43-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEVIN MCCAUSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

On January 27, 2026, Kevin McCausley ("McCausley" or "defendant"), proceeding pro se, moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 821 of the United States Sentencing Guidelines ("Amendment 821"), and 18 U.S.C. § 3582(c)(1)(A) [D.E. 95]. On March 21, 2026, the United States responded in opposition [D.E. 100]. As explained below, the court denies McCausley's motion for a sentence reduction.

I.

On September 13, 2023, with a written plea agreement, McCausley pleaded guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (count one); distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (count four); possession with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (count eight); and possession of a firearm in furtherance of a drug trafficking crime (count nine). See [D.E. 64, 65, 66]. On February 13, 2024, the court held McCausley's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See PSR [D.E. 87]; [D.E. 90]; [D.E. 93] 1; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated McCausley's total offense level to be 33, his criminal

history category to be VI, and his advisory guideline range to be 235 to 293 months' imprisonment on counts one, four, and eight, and sixty months' consecutive imprisonment on count nine. See [D.E. 90]; [D.E. 93] 1. The court granted the United States' downward departure motion. See [D.E. 93] 2. The court sentenced McCausley to 125 months' concurrent imprisonment on counts one, four, and eight and 60 months' consecutive imprisonment on count three for a total of 185 months' imprisonment. See [D.E. 90]; [D.E. 92] 1–2. McCausley did not appeal.

On January 27, 2026, McCausley filed his motion to reduce sentence. See [D.E. 95]. On January 28, 2026, the case was reassigned to the undersigned. See [D.E. 96]. On March 21, 2026, the United States' responded in opposition to McCausley's motion. See [D.E. 100].

II.

Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by changes to the United States Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); see United States v. Davis, __ F.4th __, 2026 WL 1291531, at *3 (4th Cir. May 12, 2026); United States v. Barrett, 133 F.4th 280, 282–83 (4th Cir. 2025); United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019); United States v. Williams, 808 F.3d 253, 257–58 (4th Cir. 2015). A sentence reduction under 18 U.S.C. § 3582(c)(2) must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(2); Davis, 2026 WL 1291531, at *3–4; Williams, 808 F.3d at 257. The Sentencing Commission policy statement in U.S.S.G. § 1B1.10 applies to section 3582(c)(2) proceedings. See Dillon v. United States, 560 U.S. 817, 819, 821 (2010); Davis, 2026 WL 1291531, at *3–4; Martin, 916 F.3d at 396; Williams, 808 F.3d at 258.

The sentencing court follows a two-step inquiry when reviewing motions for sentence

2

reductions under section 3582(c)(2). See Dillon, 560 U.S. at 826–27; Davis, 2026 WL 1291531, at *3–4; Martin, 916 F.3d at 396; Williams, 808 F.3d at 258. First, the sentencing court must review the Sentencing Commission's instructions in U.S.S.G. § 1B1.10 "to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Williams, 808 F.3d at 257–58 (cleaned up); Davis, 2026 WL 1291531, at *3–4. At this step, section 1B1.10 requires the court to begin by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Dillon, 560 U.S. at 827 (cleaned up); Davis, 2026 WL 1291531, at *3–4. If the court determines that the defendant is eligible for a sentence reduction, "the court moves to the second step and determines the extent of the reduction." Williams, 808 F.3d at 258; Davis, 2026 WL 1291531, at *3–4. At step two, section 3582(c)(2) "instructs a court to consider any applicable [section] 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827; see, e.g., Davis, 2026 WL 1291531, at *3–4; United States v. Navarro-Melendez, No. 1:18-CR-91, 2024 WL 1722524, at *1 (W.D.N.C. Apr. 22, 2024) (unpublished), aff'd, No. 24-6627, 2024 WL 4579416 (4th Cir. Oct. 25, 2024) (per curiam) (unpublished); United States v. Pledger, No. 2:12-CR-23, 2017 WL 3495723, at *1–2 (E.D.N.C. Aug. 14, 2017) (unpublished).

In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81, 490 (2011); Davis,

3

2026 WL 1291531, at *4–7; <u>United States v. Moody</u>, 115 F.4th 304, 315–16 (4th Cir. 2024); <u>United States v. Davis</u>, 99 F.4th 647, 659 (4th Cir. 2024); <u>United States v. Smith</u>, 75 F.4th 459, 464–66 (4th Cir. 2023); <u>United States v. High</u>, 997 F.3d 181, 187–91 (4th Cir. 2021); <u>United States v. Kibble</u>, 992 F.3d 326, 329–30 (4th Cir. 2021) (per curiam); <u>United States v. McDonald</u>, 986 F.3d 402, 410–12 (4th Cir. 2021); <u>Martin</u>, 916 F.3d at 395–98.

McCausley seeks a sentence reduction under Amendment 821 Part A. <u>See</u> [D.E. 95] 1. Amendment 821 Part A, which became effective on November 1, 2023, amended Chapter Four of the Sentencing Guidelines by striking the old section 4A1.1(d). <u>See</u> U.S.S.G. app. C, amend. 821. Before Amendment 821, section 4A1.1(d) added two status points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." <u>Id.</u> § 4A1.1(d) (2021). Section 1B1.10 authorizes a court to reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) using Amendment 821. <u>See id.</u> § 1B1.10(d); <u>Barrett</u>, 133 F.4th at 282–83.

At step one, McCausley's advisory guideline range remains the same. McCausley did not receive two status points under the old section 4A1.1(d). <u>See</u> PSR ¶ 41; U.S.S.G. § 4A1.1(e). Thus, McCausley's is not eligible for a sentence reduction under Amendment 821.

In any event, at step two, the court has reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). <u>See</u> <u>Chavez-Meza</u>, 585 U.S. at 117–20; <u>Pepper</u>, 562 U.S. at 490–93; <u>Davis</u>, 2026 WL 1291531, at *3–7; <u>Moody</u>, 115 F.4th at 315–16; <u>Davis</u>, 99 F.4th at 659; <u>Smith</u>, 75 F.4th at 464–66; <u>United States v. Troy</u>, 64 F.4th 177, 184 (4th Cir. 2023); <u>United States v. Swain</u>, 49 F.4th 398, 402 (4th Cir. 2022); <u>United States v. Chambers</u>, 956 F.3d 667, 671–75 (4th Cir. 2020), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Concepcion v. United States</u>, 597 U.S. 481 (2022); <u>United States v. May</u>, 783 F. App'x 309, 310

4

(4th Cir. 2019) (per curiam) (unpublished).

Even if McCausley met Amendment 821's requirements, the section 3553(a) factors counsel against reducing McCausley's sentence. McCausley is 39 years old and engaged in serious criminal conduct. See PSR ¶¶ 12–17. From October 2021 to March 23, 2023, McCausley participated in a methamphetamine trafficking conspiracy and was accountable for approximately 16 kilograms of methamphetamine. See id. ¶ 17. In February and March 2023, McCausley repeatedly sold a confidential source methamphetamine at various locations in the Wilmington area. See id. ¶ 13. On March 23, 2023, when investigators arrested McCausley, he attempted to flee and was apprehended. See id. ¶ 14. During his arrest, investigators recovered 223.6 grams of methamphetamine from McCausley. See id. When investigators searched McCausley's residence, they recovered more methamphetamine, drug paraphernalia, a revolver, 32 rounds of ammunition, and 5.22 grams of marijuana. See id.

McCausley's criminal behavior was nothing new. McCausley's criminal history is extensive and includes multiple violent and drug-related felony convictions. See id. ¶¶ 22–38. McCausley repeatedly has failed after receiving leniency and multiple opportunities at probation in state court. See id. ¶¶ 22–38. Since turning 16 years old, McCausley has never gone more than four years without committing new criminal conduct. See id.

Having considered the entire record, the section 3553(a) factors, the parties' arguments, and the need to punish McCausley for his serious criminal behavior, to incapacitate McCausley, to promote respect for the law, to deter others, and to protect society, the court denies McCausley's motion for a sentence reduction under Amendment 821. See, e.g., Corcepcion, 597 U.S. at 496–502; Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Davis, 2026 WL 1291531, at *3–7; Moody, 115 F.4th at 315–16; Davis, 99 F.4th at 659; Smith, 75 F.4th at 466–69; High,

5

997 F.3d at 187–91; <u>Kibble</u>, 992 F.3d at 331–32; <u>United States v. Chambliss</u>, 948 F.3d 691, 693–94 (5th Cir. 2020). Even if the court miscalculated McCausley's advisory guideline range, the court would impose the same sentence as an alternative variant sentence in light of the entire record and the section 3553(a) factors. <u>See</u> 18 U.S.C. § 3553(a); <u>United States v. Gomez-Jimenez</u>, 750 F.3d 370, 382–86 (4th Cir. 2014); <u>United States v. Hargrove</u>, 701 F.3d 156, 161–65 (4th Cir. 2012).

### III.

A court also may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); <u>see</u> <u>United States v. Bethea</u>, 54 F.4th 826, 831 (4th Cir. 2022); <u>United States v. Hargrove</u>, 30 F.4th 189, 194 (4th Cir. 2022); <u>High</u>, 997 F.3d at 185–86; <u>Kibble</u>, 992 F.3d at 330; <u>United States v. McCoy</u>, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. <u>See</u> 18 U.S.C. § 3582(c)(1)(A); <u>Hargrove</u>, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); <u>see</u> <u>United States v. Ferguson</u>, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. <u>See</u> <u>United States v. Muhammad</u>, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's sentence reduction motion under section 3582(c)(1)(A),

6

the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza, 585 U.S. at 115–20; Pepper, 562 U.S. at 480–81; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's motion for a sentence reduction under section 3582(c)(1)(A). See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of their imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully

7

considering the defendant's individual circumstances. See id. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." Id. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13(e).

McCausley seeks a sentence reduction under section 3582(c)(1)(A) and argues extraordinary and compelling circumstances exist because he received a mandatory consecutive sentence under 18 U.S.C. § 924(c)(1)(A) for possessing a firearm in furtherance of a drug trafficking crime. See [D.E. 95] 1–2.

The "unusually long sentence" policy statement instructs that if a defendant received an unusually long sentence and has served a term of at least 10 years' imprisonment, a change in the law may be considered as an extraordinary and compelling reason only "after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6). A sentence is unusually long with reference to the "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. McCausley has not served over 10 years' imprisonment. Moreover, there has not been a change in the law. Section 924(c)(1)(A) continues to impose mandatory consecutive sentences to other counts of conviction. See 18 U.S.C. § 924(c)(1)(A). Thus, McCausley does not meet the requirements of the "unusually long sentence policy" statement.

As for the "other reasons" policy statement, the court assumes without deciding that the amount of time remaining on McCausley's sentence is an extraordinary and compelling reason under section 3582(c)(1)(A). The section 3553(a) factors, however, counsel against reducing McCausley's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186;

8

Kibble, 992 F.3d at 331–32.

As discussed, McCausley is 39 years old and engaged in serious criminal conduct. See PSR ¶¶ 12–17. McCausley's criminal history is appalling and demonstrates his contempt for the law. See id. ¶¶ 22–38.

The court has considered the entire record, the section 3553(a) factors, and the parties' arguments. The court has considered McCausley's serious criminal conduct, his serious criminal history, and the need to punish McCausley for his criminal behavior, to incapacitate McCausley, to promote respect for the law, to deter others, and to protect society. In light of the entire record, the court exercises its discretion and denies McCausley's motion for a sentence reduction under section 3582(c)(1)(A). See, e.g., Concepcion, 597 U.S. at 498–502; Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Moody, 115 F.4th at 314–16; Smith, 75 F.4th at 464–66; Troy, 64 F.4th at 185; United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–53 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); Chambliss, 948 F.3d at 693–94; United States v. Taylor, No. 22-6795, 2022 WL 17819301, at *1 (4th Cir. Dec. 20, 2022) (per curiam) (unpublished); United States v. Taylor, 337 F. App'x 342, 343–44 (4th Cir. 2009) (per curiam) (unpublished); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

## IV.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 95].

9

SO ORDERED.  This __13__ day of May, 2026.

JAMES C. DEVER III
United States District Judge

10